UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Melvin Graham

    v.                                        Civil No. 07-cv-247-JL

Nadeau, et al.

**O R D E R**

Pro se plaintiff Melvin Graham has filed a complaint, pursuant to 42 U.S.C. § 1983, alleging that defendants have abridged his rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and New Hampshire law (document no. 1). Named as defendants are Phil Stanley, former Commissioner of the New Hampshire Department of Corrections ("NHDOC") and the following employees of the Northern New Hampshire Correctional Facility ("NCF"): Larry Blaisdell, Warden; Tina Withington, Head of Classifications; and corrections officers John Lovan, Nadeau, Sweatt, Newton, Reindeaux and an unnamed trainee.

The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon

which relief may be granted.  See 28 U.S.C. § 1915A; U.S. District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).  For the reasons stated below, I find that Graham has alleged the following claims: (1) Fourth Amendment claims, arising from unreasonable strip searches, against Blaisdell, Stanley, Nadeau, Lovan, Sweatt and an unidentified trainee; (2) Eighth Amendment claims, arising from malicious strip searches, against Blaisdell, Stanley, Nadeau, Lovan, Sweatt, Newton and an unidentified trainee; and (3) state law claims, based on intentional infliction of emotional distress, against Blaisdell, Stanley, Nadeau, Lovan, Sweatt and an unidentified trainee.  I recommend dismissal of all remaining claims.

    As I find that plaintiff has stated a claim upon which relief may be granted, I order the complaint served on the defendants.  The Clerk's Office is directed to serve the New Hampshire Office of the Attorney General (AG), as provided in the Agreement On Acceptance Of Service, copies of this order, the report and recommendation and the complaint (document no. 1).  See LR 4.3(d)(2)(C).  Within thirty days from receipt of these

materials, the AG will submit to the court an Acceptance of Service notice specifying those defendants who have authorized the AG's office to receive service on their behalf.  When the Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period.

As to those defendants who do not authorize the AG's office to receive service on their behalf or whom the AG declines to represent, the AG shall, within thirty days from receipt of the aforementioned materials, provide a separate list of the last known addresses of such defendants.  The Clerk's Office is instructed to complete service on these individuals by sending to them, by certified mail, return receipt requested, copies of these same documents.

Defendants are instructed to answer or otherwise plead within twenty days of acceptance of service.  <u>See</u> Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on

the defendants by delivering or mailing the materials to them or their attorneys, pursuant to Fed. R. Civ. P. 5(b).

    **SO ORDERED.**

                                              /s/ James R. Muirhead
                                              James R. Muirhead
                                              United States Magistrate Judge

Date: April 15, 2008

cc:   Melvin Graham, pro se